### SMITH v. JONES.

(Court of Civil Appeals of Texas. Austin. Dec. 6, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—REQUISITES.

Assignments of error that the court erred in refusing to allow the defeated party to give a man's name and erred in not granting a new trial because the verdict was contrary to law, and because the verdict was contrary to the evidence, not followed up in the brief by any proposition nor by a statement showing what the record contains pertinent to the assignments, are too general, and will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935-3937; Dec. Dig. § 1002.*]

Appeal from Travis County Court; R. E. White, Judge.

Action by J. G. Smith against Harris Jones. From a judgment for defendant, plaintiff appeals. Affirmed.

O. Dickens, for appellant.

KEY, C. J. Smith sued Jones, seeking to recover upon a rent contract by which he claimed that he rented Jones a tract of land for one-third of the produce Jones might raise thereon during the year. There was a jury trial, which resulted in a verdict and judgment for Jones, and Smith has appealed and presented the case in this court upon two assignments of error, which read as follows:

"First Assignment of Error. The court erred in refusing to allow appellant to give the man's name. He could not have rented said land on same terms. (See tr. p. 13.)

"Second Assignment of Error. (See tr. p. 10.) The court erred in not granting the appellant a new trial, for said verdict was contrary to the law. Said verdict is contrary and not supported by the evidence, as the appellee admitted he rented the land from appellant."

[1] These assignments are too general and are not followed up in appellant's brief by any proposition, nor by a statement showing what the record contains pertinent to the assignments; and therefore the appeal is not presented in such a manner as to require this court to pass upon its merits.

[2] However, as the statement of facts is quite brief, it has been carefully read and found to disclose testimony which supports the verdict. That testimony was given by the defendant Jones, and, while it conflicted with that given by Mr. Smith and by Mr. Shaw, Mr. Smith's prospective father-in-law, and by Miss Shaw, who testified that she was engaged to be married to Mr. Smith such conflict of testimony presented a question of credibility which it was the province and duty of the jury to pass upon, and which action of the jury this court does not feel called upon to revise. Mr. Shaw testified that he rented the land to Mr. Smith for one-third of the crop. Mr. Smith testified that he rented it to Mr. Jones under a contract by which the latter agreed that Mr. Smith was to have one third of the crop, Mr. Shaw one third, and Mr. Jones, the tenant, the remaining third, and Mr. Shaw and Miss Shaw each gave testimony corroborating Smith in that regard. Mr. Jones testified that, while he made the rental contract with Mr. Smith, the agreement was that he was to pay for the use of the land one-third of the crop produced thereon, to be delivered by him to Mr. Shaw, which had been done, and that he never agreed to pay or deliver to Mr. Smith any portion of the crop; that he voluntarily consented that Smith might have some roasting ears and watermelons for his own use. It may be that the jury was composed of farmers or other persons familiar with rental contracts of the character in question, and that they were of the opinion that Mr. Jones' version of the matter was the more probable. At any rate, they had the right to give credence to his testimony, and base their verdict thereon; and, having done so, and the trial court having refused to set it aside, we will permit it to stand.

Affirmed.